

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Holvey Williams
Criminal District Attorney
Waco, Texas

Dear Sir:  Attention of Mr. Fred Hartley

Opinion No. 0-2090
Re: In establishing a uniform tax rate
in the described school district, is a
vote by the people required?
If not, how can a uniform tax rate be
established?

Your letter requesting the opinion of this depart-
ment upon the above stated questions has been received. Your
letter reads in part as follows:

"We have a request from the County Superinten-
dent's office which is as follows:

"On the first Monday in April,
1940, the County School Board of Mc-
Lennan County, by the authority vest-
ed in it by Article 2922a, annexed
Common School District #21 to West
Independent District. In establish-
ing a uniform tax rate in the enlarged
district, is a vote by the people re-
quired, if not, how can a uniform tax
rate be established?"

Article 2922a, Vernon's Civil Statutes, reads:

"In each organized county in this State and in
any county which shall hereafter be organized, the
county school trustees shall have the authority to
form one or more rural high school districts, by
grouping contiguous common school districts having

less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law. Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtednesses against the said rural school district each elementary district shall assume its proportional part of the debts.

We are assuming that the scholastic population of the districts affected come within the brackets set out in Article 2922(a), supra.

Article 2922(L), Vernon's Civil Statutes, provides, in part:

"....and provided further that no such tax shall be levied and no such bonds shall be issued

Honorable Holvey Williams, Page 3

until after an election shall have been held wherein a majority of the qualified taxpaying voters, voting at said election, shall have voted in favor of the levying of said tax, or of the issuance of said bonds, or both, as the case may be, and which election shall be held in accordance with the law now governing such elections in independent school districts, provided that the local taxes previously authorized by a district or districts included in a rural high school district or annexed to a common or independent school district, as provided for herein, shall be continued in force until such time as a uniform tax may be provided for the benefit of the rural high school district or said common or independent district as enlarged by the annexation of the said common school districts thereto...."

The school district formed by annexing Common School District No. 21 to West Independent District comprises an entirely new legal entity and the qualified taxpaying voters of the newly formed district are entitled to vote on the levying of a uniform tax rate over the entire district, at an election held in accordance with the laws governing such elections in independent school districts.

You are therefore respectfully advised, in answer to your first question, that it is the opinion of this department that in establishing a uniform tax rate in the enlarged district, a vote by the qualified taxpaying voters is required.

In view of our answer to your first question, your second question becomes moot.

Trusting that the above satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _D. Burle Daviss_

D. Burle Daviss
Assistant

APPROVED JUN 26, 1940

ATTORNEY GENERAL OF TEXAS

DED:AW

APPROVED
OPINION
COMMITTEE
BY